IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| HECTOR SANDOVAL, Individually and on behalf of all others similarly situated,<br>   *Plaintiff*,<br>v.<br>CARRCO PAINTING CONTRACTORS,<br>   *Defendant*. | § § § § § § § § § § | NO. MO:16-CV-00159-DC |

## ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER

BEFORE THE COURT is Defendant Carrco Painting Contractors' ("Defendant") Second Motion for Reconsideration of the Order Granting Plaintiff Hector Sandoval's ("Plaintiff") Motion for Conditional Certification. (Doc. 40). This case is before the undersigned U.S. Magistrate Judge pursuant to the consent of the parties under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 19). After due consideration of the pleadings and the relevant law, Defendant's Second Motion to Reconsider shall be **DENIED**. (Doc. 40).

### I. BACKGROUND

Plaintiff brings this action both individually and on behalf of all others similarly situated against Defendant Carrco Painting Contractors ("Defendant"), asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1). On August 2, 2016, Defendant filed an answer to Plaintiff's Complaint. (Doc. 18). On September 26, 2016, Plaintiff filed his Motion for Conditional Certification seeking to "certify a collective action of General Laborers and Supervisors employed by Defendant over the past three years[.]" (Doc. 28). Plaintiff claims that the putative class members are similarly situated in terms of their job titles, duties, compensation, and treatment by Defendant and that all of the putative class members have been denied overtime pay as a result of a single and widespread corporate policy that

uniformly denies them overtime. (*Id*. at 8). Defendant did not file a timely response to the Motion for Conditional Certification nor did Defendant raise any timely objections to the proposed notice and consent form attached to Plaintiff's motion.

On October 11, 2016, the Court granted Plaintiff's Motion and conditionally certified the following class: "All current and former laborers who have worked for Carrco Painting Contractors during the three-year period before the date the Court authorizes notice." (Doc. 29 at 6). On October 14, 2016, Plaintiff filed his Revised Proposed Notice in compliance with the Court's Order. (Doc. 32). On October 14, 2016, Defendant filed its Motion to Reconsider or in the Alternative, Modify the Order Granting Plaintiff's Motion for Conditional Certification. (Doc. 31).

On October 24, 2016, the Court granted in part and denied in part Defendant's Motion to Reconsider. (Doc. 36). Specifically, the Court denied Defendant's request to modify its Order granting conditional certification to limit the notice to all current and former Carrco Painting Contractors laborers who worked on the Odessa, Texas project known as University of Texas Permian Basin Residences. (*Id*. at 4). The Court explained that "[t]here affidavits attesting to identical compensation schemes is sufficient evidence for conditional certification of the following class: **All current and former laborers who have worked for Carrco Painting Contractors during the three-year period before October 12, 2016**." (*Id*. at 5).

On November 7, 2016, Defendant filed its Second Motion for Reconsideration of Court's Order Granting Conditional Certification. (Doc. 40). Defendant explains that the "testimony of two Plaintiffs and the third person is completely false," which Plaintiff submitted in opposition to the first motion to reconsider, because "Carrco didn't pay any of these men any wages on this project so Carrco could not have violated the FLSA with regard to these men." (*Id*. at 2).

Rather, Defendant states that "all three men whose affidavits were filed by Plaintiff, as well as the other men mentioned in Plaintiff's response, were employed on the Texas A&M project by K&M Painting, Inc." (*Id.*). Therefore, Defendant urges the Court to limit the conditionally certified class "to only those Carrco field employees on the UTPB project[.]" (*Id.* at 3).

## II. LEGAL STANDARD

An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the United States Court of Appeals for the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's*

---

[1] *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

*Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id*. After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id*. At that point, the court will fully evaluate the merits of the class certification. *Id*.

### III. DISCUSSION

In support of its Second Motion to Reconsider, Defendant submits the affidavit of German Alfaro. (Doc. 40-1). Mr. Alfaro is the owner of K&M Painting, Inc. ("K&M"). (*Id*.). Mr. Alfaro testifies that in 2015, K&M entered into a subcontract agreement with Defendant to provide painting services to Defendant on the Texas A&M project. (*Id*.). Defendant paid K&M for these services. (*Id*.). Further, Mr. Alfaro states that Juan Carrizalez, Armando Medina, Victor Vasquez and Reynaldo Cardoza were hired by K&M. (*Id*.). Finally, Mr. Alfaro attaches the 1099s that K&M sent to these potential opt-in plaintiffs for their work in 2015. (*Id*.). Therefore, Defendant concludes that the Court should not allow conditional certification and notice to all laborers employed by Defendant over the last three years. (Doc. 40 at 2).

Defendant's argument turns on whether the potential opt-in plaintiffs were employees of Defendant under the economic realities of the relationship. *See Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) ("The Fifth Circuit uses the 'economic reality' test to evaluate whether there is an employer/employee relationship."). A court considers "whether the putative employer:

(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). The intent of the worker and the employer, and the label they use to describe their working relationship, does not control whether the worker is an employee. *See Watson v. Graves*, 909 F.2d 1549,1554 (5th Cir. 1990) ("We must. . . look to the substantive realities of the relationship, not to mere forms or labels ascribed to the laborer by those who would avoid coverage.").

Essentially, Defendant argues that it contracted away its obligations to the potential opt-in plaintiffs working on the Texas A&M project by entering into a subcontractor agreement with K&M. (Doc. 40). Defendant's contention that it shifted liability for its alleged wrongdoing to K&M flouts the purpose of the FLSA, which was designed to regulate the conduct of employers for the benefit of employees. *See Barfield v. Madison Cnty, Miss.*, 212 F.3d 269, 272 n.4 (5th Cir. 2000) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999)). Furthermore, this liability issue does not make representative adjudication of the class improper.

First, the defense that K&M was a co-employer of a particular opt-in plaintiff during a certain time frame or regarding a specific project is more appropriately considered at the second stage of the *Lusardi* inquiry. *Mooney*, 54 F.3d at 1213 n. 7, 1215–16; *See Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008). Second, Defendant's non-employee distinction regarding the putative class members is unavailing since the FLSA does not allow an alleged violator of the statute shift liability for its wrongdoing to a subcontractor. *See Barfield*, 212 F.3d at 272 n. 4. Certainly, if an employer could pin liability for FLSA violations of an employee misclassified as a subcontractor, the employer "would have a diminished incentive to

5

comply with the statute." *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986). Considering the "fairly lenient" burden imposed at the first stage, the Court finds that the three employee declarations in support of conditional certification are sufficient evidence to show that Defendant was a joint employer of the putative class members.

### IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant's Second Motion to Reconsider the Order Granting Plaintiff's Motion for Conditional Certification. (Doc. 40).

It is therefore **ORDERED** that Defendant's Second Motion for Reconsideration of Court's Order Granting Conditional Certification is hereby **DENIED**. (Doc. 40).

It is so **ORDERED**.

SIGNED this 8th day of November, 2016.

_____
DAVID COUNTS
U.S. MAGISTRATE JUDGE